IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SALIM FORD, | : |
| | : Civil Action |
| Petitioner, | : |
| | : No. 2:12-CV-01278 |
| v. | : |
| | : |
| SUPERINTENDENT, | : |
| SCI-FRACKVILLE, et. al. | : |
| | : |
| Respondents. | : |

## MEMORANDUM

STENGEL, J.                                                                                                     September 19, 2013

The petitioner filed this petition for Habeas Corpus relief pursuant to 28 U.S.C. § 2254 on March 12, 2012. I referred the petition to Magistrate Judge Rueter on March 22, 2012 for a report and recommendation. After reviewing the state court record, Judge Rueter recommends that the petition be denied and that no certificate of appealability be granted. Petitioner timely filed nine objections to the R&R.[1] He also requests an evidentiary hearing. For the reasons that follow, I will overrule the petitioner's objections, deny his request for an evidentiary hearing and adopt the report and recommendation of Judge Rueter.

## I. BACKGROUND

On March 31, 2006, Salim Ford, petitioner, was convicted of first degree murder at a jury trial in the Philadelphia County Court of Common Pleas. Doc. No. 1 at 2. On

---

[1] The District Attorney filed a letter with the court stating that the Commonwealth would not file a response to the objections because the objections "do little more than reiterate arguments that Judge Rueter considered and rejected without making any plausible showing that his conclusions were erroneous." Doc. No. 19.

1

appeal from petitioner's conviction, the Pennsylvania Superior Court summarized the relevant facts as follows:

> On July 31, 2004, John Tompkins was shot multiple times and killed while inside his parked vehicle. Physical evidence at the scene indicated that the shooter was standing outside of the passenger-side window of the vehicle and used a .38 or .357 caliber gun. Police were immediately summoned to the scene by a neighbor who heard the shots.
>
> Initially, the police had no suspects, but they eventually obtained detailed, written statements signed by two witnesses: Ronald Clay (a.k.a. "Bow") and Charles Young (a.k.a. "Man"). The statements independently made by these witnesses described witnessing a chase of the victim by Appellant who was carrying a handgun, identified by Clay as a .38 or .357 caliber weapon. Clay lost sight of the two men; Young saw that Appellant had gone into a vacant lot to lie in wait for the victim's return. Both witnesses saw the victim return to the street approximately four to ten minutes later and get into his parked car. Both witnesses then saw Appellant emerge from the lot, approach the victim's vehicle, and shoot four or five times at the victim through the passenger-side window. Both witnesses then saw Appellant run back into the vacant lot. The witnesses also independently identified to the police photographs of Appellant. Three days after giving his statement, Clay went to the police, appeared to be shaken, and gave another written statement in which he reported that three individuals had confronted him about talking to the police regarding the shooting. We note that Clay had given the police his initial statement after being arrested for his role in an unrelated domestic dispute, and that Young had given his statement to the police while in custody for crimes unrelated to the shooting.
>
> At trial, the statements made by Clay and Young were read into evidence. Clay and Young also testified. Both recanted the statements they had previously given the police, each testifying that he had actually not been present at the scene of the murder and that his respective earlier statement reflected only his desire to give the police the information that the police were seeking, after having been "coached." No other

> witnesses identified Appellant as the murderer, and the murder weapon had not been recovered. However, the jury found Clay's and Young's written statements more credible than their in court testimony and convicted Appellant of [first degree murder, carrying a firearm without a license, and possession of an instrument of crime ("PIC"). On May 31, 2006, the court imposed an aggregate sentence of life imprisonment.

Doc. No. 11 Ex. 1 at 1-3.

On appeal, petitioner argued that the evidence was insufficient to support the verdict. As the Superior Court summarized, "the appellant [based] his argument on the unsupported conclusion that, by virtue of the recantation by Clay and Young of their prior written statements, the Commonwealth's evidence was 'inherently contradictory and unreliable.'" Id. at 5-6. As there is no case law to support this proposition, the Superior Court affirmed the conviction on March 23, 2007. Id. On August 2, 2007, the Pennsylvania Supreme Court denied the petition for allowance of appeal. Doc. No. 1 at 2.

Petitioner filed a PCRA petition on February 19, 2008. Id. Petitioner attached an affidavit from Karen Charles[2] (the affidavit) to the PCRA petition. Id. at 12. In the affidavit, Ms. Charles states that she witnessed the shooting of Mr. Thompson from the front steps of her home. Doc. No. 11 Ex. C. She further states that she has known the petitioner for his entire life, and that the shooter was not the petitioner. Id. She claims that she was always available to testify, but that she was never contacted by petitioner's

---

[2] Ms. Charles was Mr. Clay's girlfriend at the time of the shooting, and it was her report of domestic violence against Mr. Clay that led to Mr. Clay's statement implicating petitioner in the shooting. Doc. No. 11 at 10.

3

trial counsel. Id. In the PCRA petition, Mr. Ford argued that trial counsel was ineffective for failing to interview and call Ms. Charles as an alibi witness at trial.

The PCRA court denied the PCRA petition on May 1, 2009 without a hearing. Doc. No. 1 at 2. On appeal, the Superior Court found that the affidavit was unavailing for three reasons. First, petitioner failed to establish that Ms. Charles was available and willing to testify at trial, because police detectives testified at trial that they had interviewed Ms. Charles, and she claimed not to know anything about the shooting. Second, the record demonstrated that petitioner knew the murder occurred in front of Ms. Charles house, yet petitioner testified under oath at trial that he did not wish to call any other witnesses and that he was satisfied with the representation of counsel. Finally, the Superior Court found that Ms. Charles' testimony corroborated Mr. Clay's and Mr. Young's trial testimony that petitioner was not the shooter; therefore, her testimony would have been cumulative. As a result, the Superior Court affirmed the denial of relief on February 11, 2011. Doc. No. 11 Ex. 2. On October 19, 2011, the Pennsylvania Supreme Court denied allowance of appeal. Doc. No. 1 at 2.

## II. STANDARD OF REVIEW

I review *de novo* those portions of the magistrate judge's report to which timely and specific objection is made. 28 U.S.C. § 636(b)(1); Goney v. Clark, 749 F.2d 5, 6 (3d Cir. 1984). Where objections are untimely, general, or not filed at all, I need only "give some reasoned consideration to the magistrate's report," Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), and review it for clear error, see Fed. R. Civ. P. 72(b) advisory committee's note. In any case, I "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." § 636(b)(1); U.S. v. Raddatz, 447 U.S. 667, 676 (1980).

## III. DISCUSSION

Pursuant to the Anti-terrorism and Effective Death Penalty Act, a petition for Habeas Corpus relief may only be granted if the state court's decision was *contrary to* or was an *unreasonable application* of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d). A decision is "contrary to" Supreme Court precedent only if, "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). In reviewing a claim that a state court decision involved an unreasonable application of clearly establish Supreme Court precedent, the appropriate standard for the federal court to apply is whether, "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." Harrington v. Richter, 131 S. Ct. 770, 786 (2011). Section 2254(d) reflects the view that Habeas Corpus is a "guard against extreme malfunctions in the state criminal justice systems." Id.

### A. Objection to the Background and Procedural History

Petitioner argues that the Superior Court's denial of the his PCRA petition violated clearly established federal law, because the Superior Court failed to consider the facts set forth in the affidavit. Further, petitioner claims that Judge Rueter erred when he approved of the Superior Court's fact finding analysis. This objection can be overruled by simply reviewing the record.

5

Contrary to petitioner's assertion, the Superior Court and the Judge Rueter did consider the affidavit. The Superior Court discusses Ms. Charles' proposed testimony at length in its opinion, Doc. No.11 Ex. 2 at 8, and Judge Rueter gave the affidavit detailed attention. Doc. No. 15 at 3. Thus, the record reveals that the Superior Court and Judge Rueter did consider the affidavit, but both courts concluded that the affidavit did not reveal any new evidence warranting relief. Since the record does not support petitioner's argument, I will overrule this objection.

### B. Objection to discussion of the Habeas Standards

Petitioner argues that the Superior Court's decision is contrary to Strickland v. Washington in so far as the Supreme Court held that a court reviewing a Strickland claim must consider the totality of the evidence. 466 U.S. 668 (1984). According to petitioner, the Superior Court could not address his ineffective assistance of counsel claim, because the PCRA court refused to hold an evidentiary hearing to inquire into Ms. Charles' proposed testimony.[3] He "reasons" that in failing to conduct an evidentiary hearing, the Superior Court's decision was contrary to Strickland and not entitled to deferential review under 28 USC §2254. Petitioner reads Strickland too broadly.

While Strickland supports petitioner's contention that a reviewing court must consider the totality of the evidence, Strickland does not require a state court on collateral review to hold an evidentiary hearing to consider new evidence. In fact, petitioner points

---

[3] It is worth noting that petitioner makes several other meritless and incoherent arguments in support of his objection. Most notably, he argues that Pennsylvania Supreme Court "prohibits the lower courts from engaging in the analysis mandated by Strickland," in an effort to remove the petition from 28 USC §2254 deferential review. Of course, this argument lacks any basis in law. Petitioner makes several other conclusions of law regarding the Strickland analysis without applying the law to the facts of the case, and I am unable to divine how the state court decision was contrary to or an unreasonable application of those principles.

6

to no Supreme Court precedent to support such a theory. Thus, the Superior Courts decision is not contrary to any clearly establish Supreme Court precedent. I will overrule this objection.

### C. Objection to the Standards for Ineffective Assistance of Counsel

Petitioner argues that the Judge Rueter erred because he did not state that Strickland requires a reviewing court to consider the totality of the evidence. It is true that Judge Rueter did not specifically discuss the court's obligation to review the totality of the evidence. However, Judge Rueter considered the state court record. Further, my de novo review of this case includes a consideration of the state court record, and it is clear that the state court considered all of the evidence including the affidavit. Since petitioner points to no other evidence which the Superior Court failed to consider, the Superior Court's decision is not contrary to or an unreasonable application of Supreme Court precedent.

Petitioner also argues that the prejudice component of a Strickland claim requires a probing analysis of the deficient performance of trial counsel. In support of his argument, he relies on Sears v. Upton, 130 S.Ct. 3259, 177 L.Ed.2d 1025 (2010). However, Sears does not stand for the broad proposition that a court must conduct a probing inquiry for prejudice in every claim for ineffective assistance of counsel. Rather, the Supreme Court found that on the specific facts of Sears, the Court of Appeals should have conducted a more probing inquiry. This narrow holding does not qualify as clearly established Supreme Court precedent. The Superior Court's decision is not contrary to or

7

an unreasonable application of clearly established Supreme Court precedent. I will overrule this objection.

### D. Objection to the Judge Rueters Analysis of Petitioner's Claims of Ineffective Assistance of Counsel for Failure to Object to the Prosecutorial Misconduct.

Petitioner argues that his trial counsel was ineffective for failing to object to the prosecutor's comments during closing argument. Petitioner objects to Judge Rueter's due process analysis of the underlying claim of prosecutorial misconduct. Rather, petitioner argues that the court should only apply Strickland to analyze his claim. Petitioner's contention is incorrect.

Petitioner overlooks that in assessing trial counsel's conduct, the court must review counsel's alleged actions or omissions as of the time of the conduct. Strickland, 466 US at 690. For petitioner's claim, Strickland requires the court to review the conduct to which petitioner alleges trial counsel should have objected. Since the alleged objectionable actions were the prosecutor's statements during closing argument, Judge Rueter properly analyzed the comments according to Supreme Court precedent regarding prosecutorial misconduct. In assessing prosecutorial misconduct, "the relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of *due process*. Darden v. Wainwright, 477 U.S. 168, 181 (1986) (emphasis added) (citations omitted). Thus, it was not error for Judge Rueter to conduct a due process analysis of the underlying claim.

Judger Rueter found that Petitioner exaggerated the effect of the Prosecutor's comments, and I agree. Judge Rueter conducted a thorough and comprehensive analysis

8

of each comment, and found that the Superior Court's decision was not contrary to or an unreasonable application of Supreme Court precedent. Further, petitioner merely reiterates the same arguments he made in his petition. He makes no new arguments which bring Judge Rueter's analysis into question. I will overrule this objection.

### E. Objection to the R&R's Analysis of the Claim of Ineffective Assistance for Failure to Interview and Call Karen Charles as a Defense Witness.

Petitioner argues that since the PCRA court did not hold an evidentiary hearing, there is no record supporting its decision that counsel was not deficient for failing to interview and call Ms. Charles as a witness. This is a reiteration of petitioner's second objection. The PCRA court's refusal to hold an evidentiary hearing is not contrary to or an unreasonable application of clearly establish Supreme Court precedent. I will overrule this objection.

### F. Objection to the Prosecution's Knowing Use of the Out-of-Court Statements of Clay and Young.

Petitioner argues that his conviction violates the Constitution, because the prosecutor called Mr. Clay and Mr. Young to testify knowing that the witnesses would commit perjury. However, petitioner has not preserved this objection for Habeas review. Rather, the reviewable question is whether trial counsel was ineffective for failing to object to calling Mr. Clay and Mr. Young for purpose of admitting their unsworn prior inconsistent statements. As Judge Rueter aptly noted, trial counsel had no reason to object to the testimony of Mr. Clay and Mr. Young, because both witnesses' testimony exonerated the defendant, and each witness recanted their prior statements to police.

9

Trial Counsel cannot be constitutionally defective for failing to object to favorable testimony.

For the sake of thoroughness, I will address the substance of petitioner's objection. At trial, the prosecutor called Mr. Clay and Mr. Young to testify to their eyewitness account. The prosecutor knew that the witnesses would recant the statements they had previously given to police which implicated petitioner. When the witnesses provided testimony at trial which exonerated petitioner, the prosecutor impeached the witnesses with the witnesses' prior statements to police. Petitioner argues that since the prosecutor knew the witnesses would recant, the prosecutor called a witness knowing that witness would commit perjury in violation of Supreme Court precedent.[4] However, petitioner is distorting the law.

Petitioner relies on Napue v. Illinois to make his argument, but Napue does not support petitioner's position. 360 U.S. 264 (1959). In Napue, an important witness for the prosecution testified that he had not been paid for his testimony, when in fact, he had been paid. Id. at 269. The state's attorney knew the testimony was false, and did nothing to correct it. Id. Unlike Napue, the prosecution in the present case did not allow false testimony to go uncorrected. When the witnesses recanted, the prosecution impeached the witnesses with their prior inconsistent statements. Petitioner raised the identical argument in his petition, and Judge Rueter found that the state court decision was not contrary to or an unreasonable application of clearly established Supreme Court

---

[4] Petitioner engages in some legal acrobatics to make this argument. The witnesses in court testimony exonerated the petitioner. Calling that testimony perjury in order to make this argument is ridiculous.

precedent. Petitioner does not raise any new arguments in this objection which bring Judge Rueter's analysis into question. I will overrule this objection.

### G. Objection to the Conviction Based on Unsworn Testimony.

Petitioner argues that his conviction violates the Constitution, because it is based solely on the prior inconsistent statements of Mr. Clay and Mr. Young. Again, the petitioner has not preserved this objection for Habeas review. Rather, the reviewable question is whether trial counsel was ineffective for failing to object to a conviction based on the prior inconsistent statements. Pennsylvania law allows the admission of a prior inconsistent statement as substantive evidence provided the declarant is subject to cross examination at trail, and a conviction based on prior inconsistent statements alone is permissible. Commonwealth v. Brown, 52 A.3d 1139 (Pa. 2012). Since Mr. Clay and Mr. Young were available for cross examination at trial, a conviction based on their unsworn prior statements is permissible under Pennsylvania law. Therefore, trial counsel is not constitutionally defective for failing to object to a conviction based on evidence which is competent under state law.

Nonetheless, I will address the substance of petitioner's defaulted objection. While unsworn prior inconsistent statements are not admissible as substantive evidence under the Federal Rules of Evidence, admissibility of such statements is a matter of evidentiary law, not constitutional law. California v. Green, 399 U.S. 149 (1970). Thus, Pennsylvania does not violate the constitution by admitting such statements as substantive evidence. This much, petitioner concedes. Nonetheless, he insists that the Supreme Court has never held that a conviction can rest on prior inconsistent statements

11

alone. This argument is unavailing under the Anti-terrorism and Effective Death Penalty Act. 28 U.S.C. §2254. The AEDPA restricts Habeas relief to cases where the state court's decision is contrary to or an unreasonable application of clearly established Supreme Court precedent. In this case, the petitioner would have to point to a Supreme Court opinion which held that a conviction **cannot** be based solely on prior unsworn inconsistent statements. No such opinion exists. I will overrule this objection.

### H. Objection to the Report and Recommendations Analysis of Petitioner's Confrontation Clause Claim.

Petitioner argues that his rights under the Confrontation Clause were violated when Mr. Clay and Mr. Young's prior inconsistent statements were introduced into evidence. The Supreme Court has held that, "the Confrontation Clause is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination." California v. Green, 399 U.S. 149, 158 (1970). Since Mr. Clay and Mr. Young were available for cross-examination, the Superior Court's decision is not contrary to or an unreasonable application of the Confrontation Clause. I will overrule the objection.

### I. Objection to the Report and Recommendation's Analysis of Petitioner's Fourteenth Amendment Claims.

Petitioner argues that his conviction violates the Due Process Clause, because the jury would have had to speculate about whether Mr. Young and Mr. Clay were truthful when they testified under oath in court or when they gave unsworn statements to police out of Court. When reviewing a challenge based on the sufficiency of the evidence the proper question is, "after viewing the evidence in the light most favorable to the

12

prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Further, on Habeas review, a Federal Court may only overturn a conviction if it is "objectively unreasonable." Coleman v. Johnson, 132 S.Ct. 2060, 2062 (2012). Petitioner's conviction was based on the Mr. Clay and Mr. Young's unsworn prior inconsistent statements. Since the statements were admissible as substantive evidence under Pennsylvania law, there was sufficient evidence to support the conviction. Just because the witnesses' in-court testimony contradicted their prior statements does not mean the jurors had to speculate. Rather, the jurors weighed the evidence and found the prior statements to be more credible. I find that a conviction based on the prior statements of Mr. Clay and Mr. Young is not objectively unreasonable. I will overrule this objection.

### J. Request for an Evidentiary Hearing

Petitioner requests an evidentiary hearing to hear the proposed testimony from Ms. Charles. A federal court may not hold an evidentiary hearing unless the claim relies on a new rule of constitutional law or a new fact that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. §2254(e)(2). Petitioner has not shown how his claim falls within either of these two narrow exceptions; rather, he claims his ineffective assistance of counsel claim cannot be resolved on the state court record as it now stands. Petitioner's argument suggests that he simply failed to develop the record in state court to support his claim, and the statute specifically prohibits an evidentiary hearing to rectify such a deficiency. 28 U.S.C. § 2254 (e)(2). I will deny petitioner's request for an evidentiary hearing.

## IV. CONCLUSION

I have reviewed the remainder the Judge Rueter's report to which no objection was made. I find it be well-reasoned and free of clear error. For the reasons discussed above, I overrule petitioner's objections, and I adopt the report and recommendation.

An appropriate order follows.